# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ) |
| | ) |
| Plaintiff, | ) No. 12-03041-01-CR-S-GAF |
| | ) |
| v. | ) |
| | ) |
| **RECKITT BENCKISER LLC**, | ) |
| | ) |
| Defendant. | ) |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

1. **The Parties.** The parties to this agreement are the United States Attorney's Office for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by David M. Ketchmark, Acting United States Attorney, and by Randall D. Eggert, Assistant United States Attorney, and the defendant, Reckitt Benckiser LLC ("the defendant"), represented by Mark A. Thornhill.

The defendant understands and agrees that this plea agreement is only between it and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state, or local prosecution authority, or any other government agency, unless otherwise specified in this agreement.

2. **Defendant's Guilty Plea**. The defendant agrees to and hereby does waive indictment and plead guilty to the one-count Information filed in this case, charging it with a violation of 42 U.S.C. §6928(d)(2)(A), that is, knowingly disposing of hazardous waste without a permit. By

entering into this plea agreement, the defendant admits that it knowingly committed this offense and is, in fact, guilty of this offense.

3. **Factual Basis for Guilty Plea.** The parties agree that the facts constituting the offense to which defendant is pleading guilty are as follows:

Reckitt Benckiser LLC, (hereinafter "Reckitt" or "defendant") is the United States-based affiliate of a multi-national company which markets food products and home, health and personal care products. The home, health and personal care products include brands known as Finish®, Vani-Sol®, Calgon®, AirWick®, Dettol®, Woolite®, Veet®, Clearasil® and Mucinex®. Reckitt has operations in the United States and Canada and operates five manufacturing facilities. This case pertains to the Reckitt distribution facility located at 4343 E. Mustard Way, Springfield, Missouri (hereinafter "Reckitt Springfield").

Reckitt Springfield serves as a distribution facility to retail outlets in states west of the Mississippi River. During the time of this offense, Reckitt Springfield maintained a computerized inventory control system which, in part, was intended to identify items in inventory which were not sold within a projected time frame. Such products were sometimes referred to by Reckitt Springfield personnel as "slow moving" or "non-moving" merchandise. This slow moving or non-moving merchandise was identified so it could be disposed.

In about September 2008, Reckitt Springfield personnel disposed of approximately 22,863 lbs of food items and home, health and personal care products that had been identified on the slow moving and non-moving merchandise list. These products were disposed of by being placing the products in dumpsters that were later taken to the Prairie View Regional Waste Facility and deposited there. These dumpsters were unloaded at the Prairie View Regional Waste Facility over a three-day period in September 2008.

Approximately 13 of the products placed in the dumpsters and unloaded at the Prairie View Regional Waste Facility were combustible and some were corrosive as both are defined in 40 C.F.R. Part 261. Reckitt Springfield, at all pertinent times, maintained Material Safety Data Sheets which revealed the combustible and corrosive characteristics of the products which were improperly disposed in the Prairie View Regional Waste Facility.

The manifest prepared for the shipment from Reckitt Springfield to the Prairie View Regional Waste Facility was not a hazardous waste manifest. The Prairie View Regional Waste Facility was not a hazardous waste landfill. Reckitt

Springfield did not, at any pertinent time, hold a permit issued by the State of Missouri, authorizing it to dispose of hazardous waste.

Based on the joint investigation by the Missouri Department of Natural Resources (MDNR) and the Environmental Protection Agency - Criminal Investigation Division (EPA-CID), the MDNR issued a Notice of Violation (NOV) to Reckitt Springfield on July 17, 2009. The NOV cited Reckitt Springfield with failure to: identify waste as hazardous; utilize a licensed hazardous waste transporter for removal of hazardous wastes; provide hazardous waste manifests for hazardous waste transported; and use an authorized facility for disposal of hazardous waste.

On September 24, 2009, Reckitt Springfield responded to the NOV and admitted the improper disposal of hazardous waste. Specifically, Reckitt Springfield admitted that it disposed of 13 products that were characteristic hazardous waste based upon combustibility or corrosivity and that the products weighed approximately 22,863 lbs. The disposal occurred over a three-day period in September 2008. Reckitt Springfield disposed of these products by placing them in dumpsters that were later taken to the Prairie View Regional Waste Facility and deposited there.

In its response to the NOV, Reckitt Springfield asserted that the disposal incident resulted from the absence of particularized training and inadequate attention to detail by responsible employees. Reckitt Springfield has since taken corrective action to address the illegal disposal, including disposal training for its employees, site inspection, and development and amendment of existing Standard Operating Procedures.

4. **Use of Factual Admissions and Relevant Conduct.** The defendant acknowledges, understands and agrees that the admissions contained in Paragraph 3 and other portions of this plea agreement will be used for the purpose of determining its guilt and appropriate sentence.

5. **Statutory Penalties.** The defendant understands that upon its plea of guilty to the one-count Information charging it with knowingly disposing of hazardous waste without a permit, the maximum sentence the Court may impose is a fine equal to the greater of: (a) $50,000 for each day of violation, (b) $500,000, or (c) twice the gross pecuniary gain to the defendant from the offense, or twice the pecuniary loss suffered by a person other than the defendant from the offense;

a term of probation of not more than five (5) years; and a $400.00 mandatory special assessment which must be paid in full at the time of sentencing. The defendant further understands that this offense is a Class D felony.

      **6.** **Penalty Recommendation.** The Government and the defendant agree that the following sentence is an appropriate disposition of this case:

      a. A fine of two hundred fifty thousand dollars ($250,000) should be assessed against the defendant for the offense to which the defendant is pleading guilty under the Information. This fine should be reduced by the amount of penalty paid by the defendant in relation to the administrative action commenced by the Missouri Department of Natural Resources in relation to the above-described conduct, up to a maximum of $50,000. The criminal fine will be paid within seven days of the entry of judgment.

      b. The defendant should be placed on unsupervised probation for a period of three (3) years. The probation shall include the standard conditions of probation imposed in this district, as well as the following special condition of probation: the defendant shall comply with the requirements of the administrative Consent Judgment to be entered between the defendant and the Missouri Department of Natural Resources in relation to the conduct underlying the violations alleged in the Information. The Compliance Program will include specific operation procedures to prevent further improper or unauthorized disposal of hazardous waste by the defendant. The implementation and operation of the Compliance Program, as well as defendant's continued compliance with environmental laws, will be overseen by the Missouri Department of Natural Resources, as designated by the Environmental Protection Agency.

      **7.** **Sentencing Procedures.** The defendant acknowledges, understands and agrees to the following:

      a. In determining the appropriate sentence, the Court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission; these Guidelines, however, are advisory in nature. The defendant understands that the United States Sentencing Guidelines relating to the sentencing of organizations do not apply to the imposition of fines for environmental crimes pursuant to U.S.S.G. § 8C2.1.

      b. the Court may impose a term of probation of up to five (5) years and, if the Court imposes probation, it must not be for less than one (1) year; the Court

may also impose restitution and costs of prosecution;

      c.      the Court is not bound by any recommendation regarding the sentence to be imposed;

      d.      the parties hereby waive their right to the preparation of a pre-sentence investigation report, and request the Court sentence defendant at the first available opportunity upon entry of defendant's guilty plea;

      e.      the defendant may not withdraw its guilty plea solely because of the nature or length of the sentence imposed by the Court; and

      f.      the parties jointly submit that restitution is not applicable in this case, and the fine imposed herein should represent the full extent of monetary penalty to be imposed on defendant pursuant to this Plea Agreement.

**8.**     **Government's Agreements.** Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea agreement, agrees not to bring any additional charges against defendant for any federal criminal offense related to defendant's knowing disposal of hazardous waste in or about September 2008, for which it has venue and which arose out of the defendant's conduct described above. Further, if requested by the debarment authority to provide information regarding Reckitt Springfield, the United States agrees to advise the debarment authority that Reckitt Springfield took corrective action to address the illegal disposal involved in this case, consistent with the facts set forth in paragraph 3 of this Plea Agreement.

The defendant recognizes that the United States' agreement to forego prosecution of all of the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement. If the defendant breaches this plea agreement, the United States retains the right to proceed with the original charge and any other criminal violations established by the evidence. The defendant expressly waives its right to assert a statute of limitations defense if the charge stated in the Information, or any additional charge supported by the evidence, is initiated against it

-5-

Case 6:12-cr-03041-GAF   Document 7   Filed 05/07/12   Page 5 of 11

following a breach of this agreement. The defendant further understands and agrees that if the Government elects to file additional charges against it following defendant's breach of this plea agreement, it will not be allowed to withdraw its guilty plea.

9. **Withdrawal of Plea.** Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty and its formal acceptance by the Court. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the plea has been formally accepted by the Court, the defendant may withdraw its plea of guilty only if the Court rejects the plea agreement or if the defendant can show a fair and just reason for requesting the withdrawal. The defendant understands that if the Court accepts its plea of guilty and this plea agreement but subsequently imposes a sentence that is outside the parties' penalty recommendation set forth in paragraph 6, above, or imposes a sentence that the defendant does not expect, like, or agree with, it will not be permitted to withdraw its plea of guilty.

10. **Government's Reservation of Rights.** The defendant understands that the United States expressly reserves the right in this case to:

    a. oppose or take issue with any position advanced by defendant at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

    b. comment on the evidence supporting the charge in the information;

    c. oppose any arguments and requests for relief the defendant might advance on an appeal from the sentence imposed, and that the United States remains free on appeal or collateral proceedings to defend the legality and propriety of the sentence actually imposed, even if the Court chooses not to follow any recommendation made by the United States; and,

    d. oppose any post-conviction motions for reduction of sentence or other relief.

**11. Waiver of Constitutional Rights.** The defendant, by pleading guilty, acknowledges that it has been advised of, understands, and knowingly and voluntarily waives the following rights:

a. the right to plead not guilty and to persist in a plea of not guilty;

b. the right to be presumed innocent until its guilt has been established beyond a reasonable doubt at trial;

c. the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

d. the right to confront and cross-examine the witnesses who testify against it;

e. the right to compel or subpoena witnesses to appear on its behalf; and,

f. the right to remain silent at trial, in which case its silence may not be used against it.

The defendant understands that by pleading guilty, it waives or gives up those rights and that there will be no trial. The defendant further understands that if it pleads guilty, the Court may ask the defendant questions about the offense or offenses to which it pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, its answers may later be used against it in a prosecution for perjury or making a false statement.

**12. Waiver of Appellate and Post-Conviction Rights.**

a. The defendant acknowledges, understands and agrees that by pleading guilty pursuant to this plea agreement it waives its right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement, except on grounds of (1) ineffective assistance of counsel; or (2) prosecutorial misconduct.

b. The defendant expressly waives the right to appeal its sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b),

the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal its sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

13. **Waiver of FOIA Request.** The defendant waives all of its rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

14. **Waiver of Claim for Attorney's Fees.** The defendant waives all of its claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

15. **Defendant's Breach of Plea Agreement.** If the defendant commits any crimes or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or otherwise breaches this plea agreement, the United States will be released from its obligations under this agreement. The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw its plea of guilty.

16. **Defendant's Representations.** The defendant acknowledges that it has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel. The defendant acknowledges that it is satisfied with the assistance of counsel and that counsel has fully advised defendant of its rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea

-8-

Case 6:12-cr-03041-GAF   Document 7   Filed 05/07/12   Page 8 of 11

agreement, have been made by the United States, the Court, its attorneys or any other party to induce it to enter its plea of guilty.

**17.** **Financial Obligations.** By entering into this plea agreement, the defendant represents that it understands and agrees to the following financial obligations.

    a. The United States may use the Federal Debt Collection Procedures Act and any other remedies provided by law to enforce any restitution order that may be entered as part of the sentence in this case and to collect any fine; and

    b. The defendant understands that a Special Assessment will be imposed as part of the sentence in this case. The defendant promises to pay the Special Assessment of $400 by submitting a satisfactory form of payment to the Clerk of the Court prior to appearing for the sentencing proceeding in this case. The defendant agrees to provide the Clerk's receipt as evidence of its fulfillment of this obligation at the time of sentencing.

**18.** **No Undisclosed Terms.** The United States and defendant acknowledge and agree that the above-stated terms and conditions, together with any written supplemental agreement that might be presented to the Court in camera, constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement or any written supplemental agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

**19.** **Standard of Interpretation.** The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings. The parties further agree that, in interpreting this agreement, any drafting errors or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

**20. Corporate Authorization.** The authorized officer/member who signs this Plea Agreement represents that he/she is authorized to enter into this Plea Agreement on behalf of the defendant, that all corporate/limited liability company requirements have been observed to permit the authorized representative, who must be a high level corporate officer and/or managing member, to enter a plea on behalf of the defendant to the one count Information in this matter, and that he/she will appear, along with corporate counsel, to enter the guilty plea and for the imposition of the sentence.

DAVID M. KETCHMARK
Acting United States Attorney

Dated: *05/07/12*      /s/ Randall D. Eggert
_____
Randall D. Eggert
Assistant United States Attorney
901 East St. Louis Street
Suite 500
Springfield, MO 65806
(417) 831-4406 Telephone
(417) 831-0078 Facsimile

    I am authorized to execute this plea agreement on behalf of defendant Reckitt Benckiser LLC. I have read this plea agreement and carefully reviewed every part of it with the attorney who represents said corporate defendant. After consultation with the attorney who represents defendant Reckitt Benckiser LLC, and based on authorization granted to me by the Board of Managers of Reckitt Benckiser LLC, I am authorized to represent, on behalf of Reckitt Benckiser LLC, that said corporate defendant: fully understands all the rights of said corporation with respect to the offense charged in the Information; fully understand the rights of said corporation with respect to the provisions of the Sentencing Guidelines; fully understands all the provisions of this plea agreement; and, knowingly and voluntarily agrees to this plea agreement.

Dated: *05/07/12*      /s/ Randy Stiles
_____
For Reckitt Benckiser LLC, Defendant
By: Randy Stiles
Title: Facility Operations Manager

-10-

I am defendant Reckitt Benckiser LLC's attorney. I have fully explained to Reckitt Benckiser LLC, its rights with respect to the offense charged in the Information. Further, I have reviewed with it the provisions of the Sentencing Guidelines which might apply in this case. I have carefully reviewed every part of this Plea Agreement with Reckitt Benckiser LLC. To my knowledge, Reckitt Benckiser LLC's decision to enter into this Plea Agreement is an informed and voluntary one.

Dated: *05/07/12*

*/s/ Mark A. Thornhill*

Mark A. Thornhill
Spencer Fane Britt & Browne, LLP
1000 Walnut Street
Suite 1400
Kansas City, MO 64106-2140
(816) 474-8100 Telephone
(816) 474-3216 Facsimile
mthornhill@spencerfane.com